<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVERY BRINSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN BRUCE DAVIS and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>　　　　Respondents. | No. 23cv20462 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

　　Petitioner Ivery Brinson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Essex County conviction. D.E. 1 ("Pet." or "Petition"). Petitioner states that he has a pending request to reinstate his second post-conviction relief ("PCR") petition pending in the New Jersey Superior Court. *Id.* at 18. He asks the Court to stay consideration of his Petition until the state court proceedings have concluded. D.E. 1-4. The Court will **GRANT** this request and **STAY** the section 2254 proceedings.

　　Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Petitioner seeks to reinstate his state court PCR proceedings to "fully exhaust his claims of Ineffective Assistance of Counsel . . . in the state court." D.E. 1-4 at 2. He asserts he filed his Petition to comply with the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. Pet. at 19. The Court finds good cause to stay its consideration of the Petition based on these representations. It would not be an efficient use of this Court's resources to continue with the section 2254 proceedings when Petitioner has active proceedings pending in the state courts because the state courts' resolution of Petitioner's second PCR petition may impact the habeas proceedings. The Supreme Court has stated that a habeas petitioner may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted" to avoid running afoul of the AEDPA statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). There is no indication Petitioner engaged in intentionally dilatory litigation tactics as he is currently litigating his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005); D.E. 1-4 at 2. It is better to allow the state courts to consider Petitioner's claims in the first instance.

The Clerk of Court will be ordered to **ADMINISTRATIVELY TERMINATE** this petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion. The notice shall include copies of any court opinions and orders resolving Petitioner's claims. An appropriate Order follows.

 **2/6/2024**
Date

*Evelyn Padin*
Evelyn Padin, U.S.D.J.